IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JESUS ROBERTO VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | 2:15-CV-219 |
| | § | |
| v. | § | |
| | § | |
| RILEY W. JOHNSON, et al., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLEADINGS AND ADD ADDITIONAL PARTIES, TO DENY PLAINTIFF'S MOTION TO COMPEL DISCOVERY CONCERNING DEFENDANT JOHNSON, AND TO DISMISS DEFENDANT JOHNSON FROM THIS LAWSUIT

Plaintiff JESUS ROBERTO VILLARREAL ("Villarreal") requests leave to amend his complaint after the deadline set forth in the Court's scheduling order [ECF 44]. By this motion, Villarreal requests leave, pursuant to Rules 15[1] and 16[2] of the Federal Rules of Civil Procedure, to file his second amended complaint (attached to plaintiff's motion)[3] adding three additional defendants (Tyler S. Williams ("Williams"), Jason W. Clements ("Clements"), and Adrian Chavez ("Chavez")) and removing one defendant (Jose E. Armendarez ("Armendarez")), from the lawsuit.[4] In his motion,

---

[1] Governing "Amended and Supplemental Pleadings."

[2] Governing "Pretrial Conferences; Scheduling; Management." In particular, this rule governs amending pleadings and joinder of parties after deadlines set forth in Scheduling Orders have elapsed.

[3] Plaintiff does not attached the proposed amended complaint utilizing the proper form as required by the Local Rules of the Northern District of Texas. This Court has nonetheless considered the claims set forth in the handwritten amended complaint attached to the motion for leave to amend.

[4] All additional parties Villarreal requests be joined to this lawsuit are Texas Department of Criminal Justice ("TDCJ") prison guards whom Villarreal alleges were present during the January 31, 2015 incident giving rise to his excessive force and failure to intervene claims in his original lawsuit.

Villarreal contends TDCJ did not produce discovery identifying these three TDCJ employees until after the September 26, 2018 deadline to join parties and amend pleadings set forth in the Court's Scheduling Order issued September 12, 2018. Villarreal further contends that during a September 11, 2018 cell block search, Villarreal discovered the identities of these parties during a conversation with current defendant Htoo Aung ("Aung").

Villarreal has also requested this Court to compel additional discovery concerning the whereabouts of defendant Riley W. Johnson ("Johnson") who has not been served with this lawsuit, in order for Villarreal to be able to effect service [ECF 43]. The Court has previously obtained discovery from the Attorney General regarding the last known address of defendant Johnson after his separation from TDCJ. The Court ordered Marshal service at both addresses provided by the Attorney General. Neither attempt to serve Johnson was successful, and the Marshal's Office indicated Johnson no longer resided at either address. The Court then provided two opportunities for Villarreal to provide a service address to the Court. By this new request, Villarreal asks to Court to unseal the addresses previously provided to the Court by the Attorney General's Office and to order additional discovery from TDCJ concerning defendant Johnson's present residence for service. Villarreal was given until October 8, 2018 to provide the Court with information on his efforts to serve Johnson or provide a service address to the Court, and the Court informed Villarreal that Johnson would be dismissed from the lawsuit if such service address could not be provided by that deadline. [ECF 38, 39 and 41].

I.
ANALYSIS OF MOTION FOR LEAVE TO AMEND AND ADD PARTIES

Villarreal requests permission, *inter alia*, to amend his complaint to add additional defendants. "A party cannot use a motion for leave to amend the pleadings as a device to circumvent the separate deadline for moving for leave to join parties. Such a reading of a scheduling order would effectively render meaningless the deadline for leave to join parties, because an amended pleading could be used

to add parties." *Grant v. Rathbun, et al.*, 2016 WL 1750572 at *2 (N.D. Tex. May 3, 2016). Therefore, the Court will treat Villarreal's motion, as it pertains to adding Williams, Clements, and Chavez as parties to this suit, as a motion for leave to join parties in addition to a motion to amend pleadings. However, as this Court set the deadline for joinder of parties simultaneously with the deadline for amending the pleadings, Villarreal's request to add these defendants was untimely with regard to both amendment and joinder.

As a result, Villarreal was required, under the scheduling order, to move for leave to join Williams, Clements, and Chavez as parties no later than the September 26, 2018 joinder deadline. This same deadline was ordered as to filing any amended pleadings. To the extent Villarreal seeks to add a party through the filing of an amended complaint, the instant motion is untimely as it was filed October 19, 2018. Villarreal, as a pro se prisoner, acknowledges that his request was untimely and does not assert any delay in the prison mailing system as a reason for his untimely request. Therefore, before the Court can consider the merits of Villarreal's request to join Williams, Clements and Chavez as parties, Villarreal must first show the scheduling order should be modified so as to allow the motion to join to be filed. *Cf. Architettura, Inc. v. DSGN Assoc. Inc.*, 2017 WL 3311197 at *2 (N.D. Tex. August 3, 2017).

"When a trial court imposes a scheduling order, Federal Rule of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Texas Indigenous Council v. Simpkins*, 544 Fed. Appx. 418, 420 (5th Cir. 2013). If the scheduling order deadline to amend pleadings set by a trial court has elapsed, then a plaintiff must *first* meet the requirements of Rule 16(b) before the Court will consider allowing amendment under Rule 15. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Under Federal Rule of Civil Procedure 16(b), a party must show good cause to amend a pleading after the deadline set forth in the scheduling order. *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010).

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order may be modified "only for good cause and with the judge's consent." "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994 at *1 (N.D. Tex. Feb. 9, 2009). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.; Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164 at *4 (N.D. Tex. Feb. 2, 2005) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). "Instead, the movant must show that, despite her diligence, she could not reasonably have met the scheduling deadline." *Matamoros v. Cooper Clinic*, 2015 WL 4713201 at *2 (N.D. Tex. Aug. 7, 2015) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)).

The Court must assess four factors when deciding whether to modify a scheduling order so as to allow an untimely motion under Rule 16(b)(4):

"(1) the explanation for the failure to timely move for leave to amend;

(2) the importance of the amendment;

(3) potential prejudice in allowing the amendment; and

(4) the availability of a continuance to cure such prejudice."

*S&W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted); *see also Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *M-I L.L.C. v. Stelly*, 2012 WL 1555913 at *1 (S.D. Tex. May 1, 2012). The four factor consideration is holistic and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863 at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012). Thus, no single factor is determinative in the Court's decision to modify the scheduling order deadlines and consider proposed amendments. *Only* when a party has shown good cause to extend the scheduling order deadlines under this four-factor test will the Court then apply the more liberal amendment standards

under Federal Rule of Civil Procedure 15(a) to determine whether to grant leave to amend. *Sw. Bell Tel. Co.*, 315 F.3d at 536. Courts have an inherent "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997).

Villarreal summarily addressed the Rule 16(b)(4) good cause standard in his motion for leave to amend pleadings and add parties. The grounds on which Villarreal relies are arguably sufficient to enable the Court to apply the four-factor test to determine whether he has met Rule 16(b)(4)'s good cause standard to amend the scheduling order and thus enable him to file his motion for leave to join parties.

A. Explanation for the Failure to Timely Move for Leave to Amend

Considering the first factor, the Court finds Villarreal fails to present a reasonable explanation for his failure to timely move to amend his complaint. The explanation Villarreal supplies for his failure to timely move to join these defendants is that he first learned of the names of the additional officers involved on September 11, 2018 when defendant Aung told Villarreal about Clements's involvement and Villarreal checked the September 2018 TDCJ Employee Roster as a follow-up to that conversation. Further, Villarreal alleges that discovery was produced by the Attorney General on October 10, 2018, after the deadline for amendment and joinder had expired, and this is when he learned of defendant William's and Chavez's involvement in this incident. Even if the Court accepted this time frame, Villarreal has provided no explanation why he was unable to meet the Court's September 26, 2018 deadline to join parties after receiving information from defendant Aung on September 11, 2018.

Despite these assertions by Villarreal, the Court finds Villarreal was aware of Williams, Clements, and Chavez's roles in the events giving rise to his claims at or near the beginning of this suit. In paragraph 11 of Villarreal's original complaint, he states that defendant Johnson "and *three*

*corrections officers, Sgt. Johnson's subordinates*" (whom he now specifically names in paragraph 13 of his proposed amended complaint as existing defendant Aung, and proposed defendants Williams and Clements) were involved in the process of securing him in handcuffs during the event in question following the initial use of force by defendant Johnson. [ECF 3, p. 1]. Further, Villarreal filed his First Amended Complaint (the live pleading in this action) on April 11, 2016. [ECF 17]. In paragraph 11 of his amended complaint, Villarreal once again identified three additional officers besides Johnson "including Htoo Aung" involved in the force used against him. [ECF 17, p. 7]. Villarreal specifically mentioned his failure to intervene claims against Armendarez separately from his use of force claims against Aung and Johnson in his amended complaint. Despite knowing of the existence of two additional officers when pleading his case, Villarreal did not request a lawsuit against "John Doe Officer #1 and #2" or in any way indicate he intended to sue these additional officers present at the scene. Nor has Villarreal provided the Court with any explanation why he did not identify these officers earlier or request discovery to identify these officers at an earlier date. Further, the Court notes that proposed defendant Chavez submitted a witness statement to the event as part of Villarreal's disciplinary case back in 2015. Villarreal has provided no explanation why he was unaware of Chavez's involvement at the outside of this suit.

The Court finds Villarreal's explanation of his failure to investigate his claims prior to the deadline for joining parties and amending pleadings is inadequate. Villarreal was aware, or through the exercise of due diligence should have been aware, of the above information prior to the expiration of the joinder and amendment deadline. "In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D.Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263

(5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts)); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340–41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit). The information and parties Villarreal seeks to add were available to him at the outset of his lawsuit. Accordingly, the Court finds Villarreal did not diligently seek to identify these parties prior to filing suit and that he especially lacked diligence in failing to seek amendment and joinder after his conversation with defendant Aung on September 11, 2018, prior to the expiration of the scheduling order deadline. *See Compare Barrois v. Fireman's Fund Ins. Co.*, No. 09-380, 2010 WL 908739, at *3 (E.D. La. Mar. 9, 2010) (denying leave to amend when, even though the movant did not know the names of potential parties before the deadline for filing such complaints, movant became aware of those parties shortly thereafter but nevertheless failed to investigate those parties in a timely fashion); *see also Jimenez v. Teague*, No. 13-876, 2015 WL 853265, at * 2 (W.D.Tex. Feb. 26, 2015).

    B.  <u>Importance of the Amendment</u>

The second factor, the importance of the requested relief, is a closer call for the Court, but ultimately this factor weighs in favor of granting Villarreal's motion for leave to amend and join parties. To prove the importance of the proposed amendments and joinder, Villarreal must show he could recover monetary relief different from the relief available on his existing claims. *See N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Tex.*, No. H-08-2379, 2011 WL 582638, at *3 (S.D.Tex. Feb. 9, 2011) (finding amendment "not of great importance" because the monetary relief available under existing claims was no different that the relief available under the proposed amended claims). Here, Villarreal offers little explanation other than a statute of limitations bar for why he will

not be able to fully recover the damages he seeks (and thus be made whole) by suing only defendants Aung and Armendarez, if defendant Johnson is dismissed from this lawsuit as proposed by this Recommendation. Nor does Villarreal provide any other valid reason as to why joinder of Williams, Clements, and Chavez as defendants is necessary to the ultimate resolution of his claim. However, the Court is aware that by this Recommendation, defendant Johnson may be dismissed from this suit if the Recommendation is adopted by the United States District Judge. Further, defendants Aung and Armendarez have already filed a Joint Motion for Summary Judgment. The Court understands Villarreal claims personal involvement of the existing defendants and the proposed defendants in the January 31, 2015 incident that is the subject of this lawsuit. Thus, it is possible that the specific actions taken by the proposed defendants could differ from the actions taken by the existing defendants.

      The Court originally dismissed all of Villarreal's claims as barred under the *Heck* doctrine because Villarreal received a disciplinary case for his assault on defendant Johnson. Villarreal later moved to amend his claims to clarify that he was not challenging the assault disciplinary case, and thus acknowledged some force used by Johnson was appropriate in response to the assault. However, Villarreal argued the force used was excessive *after* Villarreal stopped his aggression toward TDCJ officials and stopped resisting, specifically at the point he was restrained. Villarreal was thus very aware at the time he first amended his claims in 2016 that the focus of his relief would be dependent on the force used after his compliance began.

      Nevertheless, Villarreal's knowledge of the importance of the existence of officers Williams or Clements or Chavez at the scene and other officers as witnesses did not spur Villarreal to pursue claims against the proposed defendants at the time he filed his amended complaint or anytime thereafter. It was not until it became apparent that the primary object of his complaint, defendant Johnson, might be dismissed because he could not be served process that Villarreal choose to attempt to pursue claims against the proposed defendants. Despite the likely importance to Villarreal's claims,

the Court finds that Villarreal's knowledge of these proposed additional parties from the outset of his case reveals the importance of suing these additional parties was, at least to Villarreal, not as important as suing the existing defendants, particularly defendant Johnson.

  C. Potential Prejudice in Allowing the Amendment

  The third factor, potential prejudice to the defendants in modifying the scheduling order to allow the late joinder, is significant and weighs in favor of denying Villarreal's request to amend and join parties. As seen from the difficulty in attempting service on defendant Johnson in this case, the time for serving additional parties, allowing an answer and basically starting this lawsuit anew would prejudice the existing defendants. Shortly after the filing of this motion by Villarreal, existing defendants filed their Joint Motion for Summary Judgment in accordance with the scheduling order. Adding parties would require the reopening of discovery and re-filing of dispositive motions at this juncture.

  D. Availability of a Continuance to Cure Prejudice

  Similarly, the fourth factor, the availability of a continuance to cure any such prejudice, weighs in favor denying Villarreal's request to amend and join parties. Courts are afforded "broad discretion to preserve the integrity of purpose of [their] pretrial order[s]." *S&W Enters.*, 315 F.3d at 535. The purpose of the scheduling order was to limit the time for discovery and filing of dispositive motions to resolve this case, which has been pending for some time. "Given the additional resources and expense that the proposed amendment would impose on the parties, a continuance cannot cure the prejudice that the amendment would cause." *See Ruiz v. Univ. of Tex. M.D. Anderson Ctr.*, 291 F.R.D. 170, 171-72 (S.D.Tex. 2013) (finding incurable prejudice because the amendment would require reconsideration of case strategy and additional motions and responses).

  Thus, considering the above factors and all the circumstances of this case, the Court finds Villarreal has not shown good cause to modify the scheduling order to join additional parties after the

joinder and amended pleadings deadline. Because Villarreal has failed to show good cause to modify the scheduling order deadlines, this Court need not consider allowing Villarreal to amend his claims under the more lenient standard found in Rule 15(a). *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

II.
ANALYSIS OF MOTION TO COMPEL DISCOVERY

Rule 4(m) has now been revised (effective December 1, 2015) to provide that the summons must be served within 90 days after the Complaint is filed, rather than 120. On May 14, 2018, the United States Marshal was directed to serve the Complaint on defendant Johnson, after the Attorney General informed parties that defendant Johnson was no longer employed by TDCJ. Even using the date the summonses were returned unexecuted, June 1, 2018, Villarreal still should have caused process to be served on or before September 1, 2018. The Court on September 7, 2018 provided Villarreal with additional time to serve process on defendant Johnson until October 8, 2018. The Court has not previously dismissed the case because prisoner plaintiffs are given great latitude in effecting process due to their incarceration. However, Villarreal's response to the Court's last order granting this extension was a request to compel discovery, which the Court has made clear from previous orders only contain addresses where the Marshal's Office has already attempted service. Villarreal provides no explanation of any independent attempts he has made to serve Johnson, nor has Villarreal shown the Court how providing him with addresses where Johnson has already *not* been located and delaying the case to attempt service again at these same addresses would result in service this time around.

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because

of the inaction or dilatoriness of the parties seeking relief, in order to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, 370 U.S. at 630. Delay of service will also prejudice the rights of other defendants to this suit to promptly and fully defend the claims made against them.

For these reasons, it is the opinion of the Court that the complaint filed by Villarreal against defendant Riley W. Johnson should be dismissed pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b). If Villarreal objects to dismissal and shows good cause as to why his case should not be dismissed, then he should be required to explain to the Court how he intends to proceed against Defendant Johnson. The Court does not accept as good cause the need for discovery of the addresses where service was previously attempted on defendant Johnson but failed. The Marshal was unable to effect service at these locations; further, the Attorney General has already, by order of the Court, provided the information contained in TDCJ records concerning Johnson's last known whereabouts that was used by the Marshal. Thus, Villarreal must establish in his objections another way he intends to serve Johnson.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Villarreal's Motion for Leave to Amend Complaint [ECF 44] be DENIED as set forth above. Further, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Villarreal's Motion for Order Compelling Discovery [ECF 43] be DENIED and defendant Johnson be DISMISSED from this lawsuit for failure to effect proper service by the extended deadline.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 31, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).